**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| THI PHUONG THAO NGUYEN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FARMERS TEXAS COUNTY MUTUAL )<br>INSURANCE COMPANY, d/b/a )<br>FARMERS INSURANCE COMPANY, )<br>)<br>Defendant. ) | Case No. CIV-18-342-RAW |

**FINDINGS AND RECOMMENDATION**

This matter comes before the Court on a review for Plaintiff's compliance with this Court's Order to Show Cause entered December 18, 2018. Because Plaintiff has not prosecuted or participated in this action, consents to the jurisdiction of the undersigned United States Magistrate Judge could not be obtained. As a result, this case was reassigned to a United States District Judge and the undersigned offers these Findings and Recommendation concerning Plaintiff's conduct in this action.

As stated in this Court's Order to Show Cause, Plaintiff initiated this action in the District Court in and for McCurtain County, Oklahoma on February 26, 2018. It was removed by Defendant to this Court on October 15, 2018. Defendant answered on October 22, 2018 whereupon a telephonic Scheduling Conference was set for December 17, 2018. On December 12, 2018, Defendant filed a Joint Status Report indicating that Plaintiff did not participate in the preparation of the Report and requested that the case be dismissed

on that basis.

Prior to the telephonic Conference, the Court's office attempted to contact Mr. Jeremiah Ross, Plaintiff's counsel of record, by telephone without success. The Court communicated with Defendant's counsel who stated that Plaintiff had not participated in the case. After the Conference, the Court's judicial assistant was contacted by Mr. Ross who stated he was no longer with the law firm from which he filed the case and that he was not representing Plaintiff any longer.

Counsel of record is not a law firm but, rather, is the individual attorney who filed the case. Mr. Ross remains Plaintiff's counsel of record until such time as he has been granted permission to withdraw. As a result, on December 18, 2018, this Court entered an Order to Show Cause which required Plaintiff to show cause in writing by January 4, 2019 as to why the case should not be dismissed for the failure to prosecute. The Order forewarned that "THE FAILURE TO FILE THE SHOW CAUSE REPORT IN WRITING BY THE DATE SPECIFIED SHALL RESULT IN THE REASSIGNMENT OF THIS CASE TO A UNITED STATES DISTRICT JUDGE AND THE ENTRY OF FINDINGS, RECOMMENDING THAT THE CASE BE DISMISSED WITHOUT PREJUDICE, WITHOUT FURTHER NOTICE OR HEARING." (Emphasis in original).

This Court has reviewed the record in this case and Plaintiff has wholly failed to file the show cause report in writing as

directed or otherwise prosecute this action. "A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc., 552 F.3d 1233, 1236 (10th Cir. 2009) quoting Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002). When dismissing a case without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." Id. quoting Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1162 (10th Cir. 2007). Since Plaintiff has failed to participate in this case, this Court would recommend that the case be dismissed without prejudice for the failure to prosecute.

IT IS THE RECOMMENDATION OF THE UNDERSIGNED that this action be **DISMISSED WITHOUT PREJUDICE** to refiling based upon Plaintiff's failure to prosecute the case.

The parties are herewith given fourteen (14) days from the date of the service of these Findings and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Findings and Recommendation within fourteen (14) days will preclude appellate review of the findings made herein.

IT IS SO ORDERED this 11th day of January, 2019.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE